

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1248-14

---

### ROBERT JACKSON CRIDER, II, Appellant

### v.

### THE STATE OF TEXAS

---

### CONCURRING WITH REFUSAL TO GRANT
### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### COLLIN COUNTY

---

**NEWELL, J., filed a concurring opinion in which JOHNSON, J., joined.**

I agree with this Court's decision not to grant discretionary review of the unpublished opinion in this case. I write separately because I believe the court of appeals properly answered the question before it and because I do not believe this is the case to determine whether a particular type of roadway requires a "turn" or a "merge" or when a signal is required at a "Y" intersection.

The court of appeals described the "Y" intersection at issue in this case as follows:

The record here indicates that the direct flow of traffic on

> Vinson Road appears to terminate at the stop sign, when the road essentially splits into FM 544 and County Line Road. Although the right turn from Vinson Road onto County Line Road is at a steeper angle than the turn from the same road onto FM 544, all three roads are "equally travelled roads," and because a ditch lies opposite the stop sign, a driver on Vinson Road stopped at the intersection stop sign must clearly make a choice: turn left or turn right.

*Crider v. State*, No. 08-12-00332, 2014 WL 2993792, at *3 (Tex. App.–El Paso June 30, 2014) (not designated for publication). According to the court of appeals, there was no more direct flow of the roadway at the intersection because there was a stop sign that forced the driver to choose a path. *Id.*

This is unlike the road in *Mahaffey* where a road with two southbound lanes dropped down to one southbound lane. *Mahaffey v. State*, 316 S.W.3d 633, 635 (Tex. Crim. App. 2010). And it's unlike the road at issue in *Robinson* where there were no traffic signs indicating an intersection that required a signal. *Robinson v. State*, 377 S.W.3d 712, 715-16 (Tex. Crim. App. 2012).[1] I see no reason under the facts of this case to disturb either the trial court's application of law to the facts or the court of appeals' evaluation of that application.

For better or worse, we have held that the word "turn" in Section 545.104(a) of the Transportation Code–the statute at issue in this case–is unambiguous, and we have set out its common meaning. *Mahaffey*, 316 S.W.3d at 635. According to this Court:

---

[1]Notably, this Court did not need to decide in *Robinson* whether a turn signal was required because the only issue was whether an article 38.23 instruction was warranted. *Robinson*, 377 S.W.3d at 718. And we left undisturbed the lower court's determination that a signal was required. *Robinson v. State*, No. 06-09-00225-CR, 2011 WL 192752, at *5 (Tex. App.–Texarkana Jan. 13, 2011) (not designated for publication).

> The word 'turn' is not a legal term of art–it has no 'acquired technical meaning.' 'Turn' has many dictionary meanings, but in the context of driving, 'turn' means to change directions–to turn the vehicle from a direct course of the roadway. You either turn left, or you turn right out of the direct course or flow of normal traffic.

*Id.* Given our recent foray into defining the word "safe," I think this definition provides about as much guidance as could be expected regarding the word "turn." *See Butcher v. State*, ___ S.W.3d ___, 2015 WL 359087, at *5 (Tex. Crim. App. Jan. 28, 2015) (setting out test to determine where location is "safe" for the voluntary release mitigation special issue in § 20.04 of the Texas Penal Code). And drilling down to find ambiguity in the words used to define an unambiguous word in a statute–words such as "direct," "course," and "flow"–invites more confusion than clarity.

As a newly minted Austin motorist, I appreciate the dissent's intellectual desire to game out every possible traffic scenario attendant to navigating a "Y" intersection. But if that's required in every motion to suppress based upon a traffic stop, I can't wait to get to roundabouts.[2] The dissent asks some very good, thought-provoking questions about this traffic offense, and I hope the legislature answers them. I share the desire to provide more guidance to both police and motorists, but we're not Google maps. I believe *Mahaffey* and the statute provided the trial court and the court of appeals with sufficient guidance to resolve and review appellant's motion to suppress. I don't believe that this case is a suitable vehicle

---

[2]TEX. TRANSP. CODE ANN. §545.059(c) (West 2013) ("An operator moving around a rotary traffic island shall drive only to the right of the island."); *see also* NATIONAL LAMPOON'S EUROPEAN VACATION (Warner Bros. 1985) ("Big Ben, Parliament").

to revisit *Mahaffey*, and that is why I believe discretionary review is unnecessary.

Filed: February 25, 2015
Publish